IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROCIO R.,                                        §
                                                 §
        Plaintiff,                               §
                                                 §
v.                                               §        3:25-CV-2851-K-BR
                                                 §
COMMISSIONER,                                    §
SOCIAL SECURITY ADMINISTRATION,                  §
                                                 §
        Defendant.                               §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION TO DISMISS**

Plaintiff, proceeding *pro se*, seeks judicial review of a decision by the Commissioner of

Social Security, who denied Plaintiff's application for benefits under the Social Security Act. (ECF

3). Her Complaint, excluding identifying information, reads entirely as follows: "I am open[ing]

up my case again. This time I need a time extension for more time [to get] medical records, from

high school, middle school, [and] elementary [school]. I [have] special classes. I need time. Thank

you." (*Id.* at 3).[1]

Defendant has moved the Court to dismiss Plaintiff's Complaint for failure to state a claim

on the grounds that the Complaint was not timely filed. (ECF 13). For the following reasons, the

undersigned United States Magistrate Judge RECOMMENDS that the presiding United States

District Judge GRANT Defendant's motion and DISMISS Plaintiff's Complaint.

---

[1] In this quote and below, the undersigned reproduces the Plaintiff's handwritten statements with edits to grammar and spelling indicated by square brackets. Those edits are intended solely for clarity.

### I.   BACKGROUND

On January 2, 2026, the same day that Defendant filed its motion to dismiss (ECF 13), Plaintiff filed a stack of medical records with a letter that read, "[These are] my medical records[.] I need 2 week[s] of extension for my last medical[ ] records[.] That [is] all I need[.] Thank you[.]" (ECF 14 at 1). Plaintiff filed no other response to Defendant's motion to dismiss within the twenty-one day period allotted by the local Civil Rules of this Court. *See* N.D. TEX. CIV. R. 7.1(e).

On February 18, 2026, the undersigned *sua sponte* extended Plaintiff's deadline to March 6, and specifically required Plaintiff to indicate the Social Security Administration action for which she seeks review. (ECF 15). In that Order, the undersigned advised Plaintiff that, if she did not respond as directed, the Court would "proceed as if Defendant has correctly identified the action for which Plaintiff seeks review." (*Id.* at 1).

On March 5, 2026, Plaintiff filed another collection of medical records with a letter stating,

"I have more medical records com[ing] soon[.] They did a test on me in the hospital[.] I went to the emergency room because I was in pain [from] kidney stones[.] Pretty soon I will have an operation for this[.] I will have more medical records, just give me time[.] I will bring them because I am sick for now."

(ECF 16 at 1).

Defendant's motion to dismiss notes three previous actions filed by the Plaintiff in this Court: Nos. 3:24-cv-683-BJ, 3:24-cv-2063-BJ, and 3:24-cv-2917-BW. (ECF 13 at 2). In the last of those, the Court issued a Memorandum Opinion and Order granting judgment on the pleadings and dismissing Plaintiff's case as untimely filed. *Rocio R. v. Comm'r SSA*, 2025 WL 2841992, 2025 LX 467547 (N.D. Tex. Oct. 6, 2025). That Order recounted the history of Plaintiff's case before the Social Security Administration and in this Court, including that the challenged decision was issued on March 11, 2024. 2025 WL 2841992 at *1–2. The instant action was filed two weeks after that Order issued. (ECF 3).

## II.     APPLICABLE LAW

The Federal Rules of Civil Procedure[2] allow defendants to move for dismissal of cases against them if the pleadings fail to state a claim for which the Court can grant relief. FED. R. CIV. P. 12(b)(6). Such a motion must be granted if the plaintiff "would not be entitled to relief under any set of facts or any possible theory that it could prove consistent with the complaint's allegations." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017).

To defeat a Rule 12(b)(6) motion to dismiss for failure to state a claim, a pleading needs "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (quoting *Iqbal*, 556 U.S. at 678) (internal quotes omitted).

Under the Social Security Act, a person who has received an unfavorable benefits determination may seek review in the Courts "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). By that provision, the federal government of the United States, which ordinarily cannot be sued in Court, has waived that sovereign immunity for social security appeals, but only for a sixty-day period. *See Block v. N.D.*, 461 U.S. 273, 287 (1983) *and Bowen v. N.Y.*, 476 U.S. 467, 478 n.10 (1986).

---

[2] Because cases for federal court review of social security decisions are essentially appellate in character, the Federal Rules of Civil Procedure have been supplemented, and in part superseded, by the Supplemental Rules for Social Security Actions. *See* 340 F.R.D. 829, 835–838 (2022) (transmission to Congress of materials prepared by the Advisory Committee on Civil Rules). The Supplemental Rules expressly permit motions to dismiss under Civil Rule 12. FED. R. CIV. P. SUPP. R. SOC. SEC. 4(c).

### III.   ANALYSIS

Defendant moves the Court to dismiss the instant action because it was filed on October 20, 2025, long after the sixty-day window to appeal the unfavorable decision sent to her on March 11, 2024. (ECF 13 at 3). Plaintiff has not indicated any other action by the Social Security Administration that she could be challenging in this Court; when prompted to do so, she has only asked for more time to gather additional medical records. (ECF 14 at 1 *and* ECF 16 at 1). Indeed, her Complaint makes clear that this action was an effort to reopen her previous lawsuits, each of which was an attempt to challenge the March 11, 2024 determination. (ECF 3 at 3).

Because Plaintiff filed this action more than sixty days after the Social Security Administration mailed notice of an unfavorable decision, the sovereign immunity of the United States bars this Court from granting her any relief. Accordingly, Defendant's motion should be granted and this case should be dismissed with prejudice.

### IV.   CONCLUSION

For the reasons above, the undersigned RECOMMENDS that the presiding United States District Judge GRANT Defendant's motion to dismiss (ECF 13) and DISMISS this case with prejudice, entering judgment accordingly.

ENTERED March 9, 2026.

_LEE ANN RENO_
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1), as recognized in ACS Recovery Servs., Inc. v. Griffin, 676 F.3d 512, 521 n.5 (5th Cir. 2012); Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988).